# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2021

Lyle W. Cayce
Clerk

No. 19-60862
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Edward James Mobley; Jerome Benamon,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CR-40-3

Before Owen, *Chief Judge*, and Haynes and Costa, *Circuit Judges*.

Per Curiam:*

A jury convicted Edward James Mobley and Jerome Benamon of assaulting a postal service driver and brandishing and discharging a firearm during the assault, in violation of 18 U.S.C. § 2114(a) and 18 U.S.C. § 924(c)(1)(A). The district court sentenced Mobley to a total term of 183

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

months of imprisonment and four years of supervised release. Benamon was sentenced to a total term of 180 months of imprisonment and four years of supervised release.

On appeal, Benamon and Mobley challenge the district court's denial of their motion for new trial based on a claim that the Government violated *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Benamon argues that the Government violated *Brady* by failing to preserve favorable and material video surveillance evidence. Both Benamon and Mobley argue that the Government violated *Brady* by failing to disclose what investigators observed on the subsequently destroyed footage once they learned that the footage was inconsistent with the testimony of the Government's primary witness, co-defendant Khalil Slayton.

Benamon fails to identify "a single exculpatory fact that might have emerged from the lost" video footage. *United States v. Moore*, 452 F.3d 382, 388 (5th Cir. 2006) (per curiam). Even if the lost video surveillance evidence was potentially useful to his defense, Benamon fails to show that the Government acted in bad faith in failing to preserve the evidence that was destroyed due to a third-party's retention settings. *See id.* at 388-89.

Moreover, even if we assume the Government failed to disclose the contents of the lost video footage after Slayton's testimony, Benamon and Mobley fail to show that the evidence was material so as to "undermine confidence in the verdict." *Wearry v. Cain*, 136 S. Ct. 1002, 1006 (2016) (ALITO, J., dissenting) (quoting *Kyles v. Whitley*, 514 U.S. 419, 435 (1995)). The evidence does not appear to "seriously undermine" Slayton's testimony "on an essential issue." *See United States v. Sipe*, 388 F.3d 471, 478 (5th Cir. 2004) (quoting *United States v. Weintraub*, 871 F.2d 1257, 1262 (5th Cir. 1989)). Moreover, Slayton's testimony was "strongly corroborated by additional evidence" in the record supporting a guilty verdict. *See id.*

Accordingly, Benamon and Mobley have failed to show that the district court erred in denying their motion for new trial.

Benamon also argues that, in its closing argument rebuttal, the Government improperly referred to evidence that was not adduced at trial. Because Benamon "failed to make a contemporaneous objection to the prosecutor's closing remarks in the trial court," plain error review applies. *United States v. Mares*, 402 F.3d 511, 515 (5th Cir. 2005) (citing *United States v. Gallardo-Trapero*, 185 F.3d 307, 322 (5th Cir. 1999)). Even if the prosecutor's closing argument contained an improper or impermissible statement based on facts not in evidence, the remarks were not "so pronounced and persistent as to permeate the entire atmosphere of the trial." *United States v. Ramirez-Velasquez*, 322 F.3d 868, 875 (5th Cir. 2003) (internal quotation marks omitted) (quoting *United States v. Iredia*, 866 F.2d 114, 117 (5th Cir. 1989) (per curiam)). Moreover, the district court instructed the jury throughout the trial that the attorneys' statements were not evidence, further reducing any prejudice that may have stemmed from the statements. *See id.* at 875. Lastly, the record contains ample evidence of Benamon's guilt which, when combined with the district court's curative instructions, outweighs any prejudicial effect of the prosecutor's comments. *See id.* at 875-76. Accordingly, Benamon fails to show his substantial rights were affected or that any error seriously affected the public reputation of the proceedings. *See United States v. Aguilar*, 645 F.3d 319, 323, 325 (5th Cir. 2011).

Lastly, Benamon challenges the denial of his motion to suppress his written statement to police during an interview that he argues was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Even if the district court erred in finding that Benamon was not in custody at the time of his interview, any such error is harmless. *See United States v. Ackerman*, 704 F.2d 1344, 1349 (5th Cir. 1983).

No. 19-60862

\*     \*     \*

Accordingly, the judgments of the district court are AFFIRMED.